MCKAY ET AL. *v.* STATE EX REL. YOUNG.

[No. 26,754. Filed April 28, 1937. Rehearing denied September 20, 1937.]

*Daniel D. Lynch,* for appellants.

*Raymond B. Young,* for appellee.

ROLL, J.—This is an appeal from a judgment of the Porter Circuit Court entered on the 8th day of May, 1936, against appellants, as defendants below, mandating the said board to restore the relatrix to her position as a teacher in the public schools of Hammond, Lake County, Indiana, in accordance with the terms of her indefinite teachers contract as defined by Ch. 97, Acts 1927, p. 259.

It appears from the facts as agreed upon by the parties that the relatrix was employed by the proper school officials of the School City of Hammond, on June 29th, 1929, and re-employed each year thereafter including the year 1935, to teach in the public schools of said city. That Edith Wycoff which was the maiden name of relatrix served as a teacher of said School City of Hammond, under written contracts continuously from

September, 1929, until the close of the school term in June, 1935. On May 17, 1935, relatrix, Edith Wycoff Young entered into a teacher's contract with appellants for further services as a teacher in the public schools thereof. The contract was made an exhibit to the complaint, and also introduced in evidence. No question is raised to the substance of the contract, so we need not mention its various provisions. It appears that all of relatrix's contracts were signed "Edith Wycoff," including her last contract signed on May 17, 1935. In June 1, 1935, an announcement was made by relatrix, in the usual manner, by an item in the local newspaper and by sending to friends, printed cards, that relatrix was married on October 20, 1934. On June 25, 1935, relatrix received a letter from Lee L. Caldwell, Superintendent of Schools of the School City of Hammond, to come to the office for a conference. Relatrix did call and she and said Caldwell discussed the matter of her continuance as a teacher. That said Caldwell asked her to resign her teaching position on account of her being a married woman, but relatrix refused. Afterwards charges were filed against her, which charges were in the form of a letter which is as follows:

"August 27, 1935.

Miss Edith Wycoff,
444 Kenwood Avenue,
Hammond, Indiana.

Dear Madam:
    In accordance with the written request of your Attorney, R. B. Young, dated August 22, 1935, we hereby furnish you with following reasons why your contract with the Board of Trustees of the School City of Hammond shall be considered for cancellation on September 23, 1935.
    The Board of Trustees of the School City of Hammond will take under consideration the fact of whether or not said Edith Wycoff is guilty of incompetency and insubordination under the meaning and

purpose of the Statutes of Indiana as set out in Burns Revised Statutes of 1933, Section 28-4308.

Yours very truly,
DANIEL D. LYNCH,
School Board Attorney."

As far as the record discloses no formal charges were ever filed in this proceeding. The following letter was written by Daniel D. Lynch, the duly authorized attorney for the Board of Trustees and received by Raymond B. Young, attorney for relatrix.

"September 10, 1935.

Mr. Raymond B. Young,
51 Lawndale,
Hammond, Indiana.

Dear Friend Ray:

Inclosed you will please find notice to Edith Wycoff setting the time and place for the hearing requested in your letter of August 28th, in connection with the School Board's consideration of Edith Wycoff's indefinite contract.

For your information please be advised that the charge being made by the Board is insubordination as set out in the statute.

This insubordination consists in said Edith Wycoff materially misrepresenting herself to the Board when she signed her school contract for 1935 and 1936, in that she described herself as a single woman.

The Board feels that they are entitled to know the marital status of their teachers, as such status may have a direct bearing upon the nature of the work and assignment given to her the following year.

As such status was misrepresented to the Board they, of course, are acting under misinformation and consequently feel that they can not do justice to their duty as School Trustees when acting under misinformation.

I believe that the above and foregoing is sufficient information for you to prepare to meet these charges upon the date set.

If for any reason it is inconvenient for you or your client to be present that night I will be very glad to mutually agree to upon some other Monday night providing you are willing to waive further formal notice of said meeting.

In the absence of any information to the contrary the Board will presume you will be present on the day indicated in said notice.

With kindest personal regards, I am,

Yours very truly,

Dan."

The hearing before the board was held on September 16, 1935, and on September 30, 1935, at a regular meeting of the board, said board passed a resolution cancelling the relatrix's indefinite teachers contract, and relatrix was notified of the action so taken by the board. As a result of said dismissal relatrix brings this action.

The only evidence introduced before the board as grounds for cancelling relatrix contract and to support the charge of insubordination was the fact that she signed her contract on May 17, 1935, as Edith Wycoff, when in fact her name was Edith Wycoff Young. No questions were asked her by the board or anyone connected with the School City concerning her martial status and she did not disclose to the Board the fact that she was at that time a married woman. The record does not disclose that there was any rule or order of the board of any kind or character that required relatrix or any teacher to make known to said School board their marital status.

The only charge preferred against appellee was that of insubordination. The only question presented on this appeal is, Does the fact that the relatrix signed the contract on May 17, 1935, by the name of Edith Wycoff, without disclosing the fact to the School Board that she was a married woman, constitute insubordination? Section 2, Ch. 97, Acts 1927, as amended, §2, Ch. 116, Acts 1933, reads in part as follows:

"Cancellation of an indefinite contract of a permanent teacher may be made for incompetency, insubordination (which shall be deemed to mean a wilful refusal to obey the school law of this state or

reasonable rules prescribed for the government of the public schools of such corporation). . . . "

There is no contention made by appellants that relatrix wilfully refused to obey the school laws of the state, or that she violated any rules prescribed for the government of the school, except that she did not disclose her marital status to the school board at the time she signed her contract on May 17, 1935. Appellants admit in their brief that there was no rule adopted or prescribed by the board that required relatrix to make any such disclosure. Appellant argues that the record discloses that the procedure followed by the board was regular, a legal cause of insubordination was assigned, substantial evidence presented to support the legal cause, and the hearing was fair, therefore the board's decision to cancel appellee's contract was final. We could agree that insubordination is a legal cause for dismissal, and appellee makes no complaint as to procedure, nor does she claim that the hearing was unfair but we cannot see that there was any substantial evidence to support the charge of insubordination. The evidence presented to the trial court was in substance the same as that introduced before the board. We think it clear that the board dismissed appellee without legal cause as prescribed by statute and the lower court committed no error in issuing the mandate herein.

Judgment affirmed.